UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEAN M. COLBRAY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KIEWIT INFRASTRUCTURE WEST,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-01729<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

      This matter comes before the Court on Plaintiff's application for court-appointed counsel. Plaintiff filed a complaint on December 6, 2022, and an amended complaint on February 17, 2023, for causes of action under the Civil Rights Act, including for allegations of employment discrimination. Dkt. Nos. 1, 4.

      Under Title VII of the Civil Rights Act of 1964, counsel may be appointed in employment discrimination cases "in such circumstances as the Court may deem just." 42 U.S.C. § 2000e-5(f)(1). To determine whether counsel should be appointed, the Court must assess (1) Plaintiff's financial resources; (2) the efforts made by Plaintiff to secure counsel; and (3) whether Plaintiff's claim has merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

The Court's resources for Court-appointed counsel are limited and must be reserved for those meeting the requirements of the Civil Rights Act. At this time, Plaintiff has not met these requirements for the following reasons:

First, Plaintiff has not provided enough information for the Court to determine Plaintiff's financial resources. Plaintiff has not requested to proceed *in forma pauperis*. *See* Dkt. No. 5. Plaintiff attached what appears to be his paystub reflecting 4.25 hours worked from December 18, 2022, to December 31, 2022, at an hourly rate of $43.90, with nine hours of sick leave accrued. Dkt. No. 5. Plaintiff filed his motion on February 17, 2023, but did not include additional—or updated—information regarding his financial resources before or since December 2022. *See* Dkt.

Second, Plaintiff has not sufficiently described his efforts to secure counsel. Plaintiff states generally that he contacted "several attorneys over the past 80 days," and that these attorneys either turned him down or did not respond. *Id*. But Plaintiff only identifies one attorney that he contacted, and he does not otherwise state whether he followed-up with attorneys who "did not respond" or the number of attorneys he has contacted. *See id*.

Finally, the Court cannot determine whether Plaintiff's claims have merit at this early stage of litigation. Plaintiff provided a letter from the Equal Employment Opportunity Commission, declining to further investigate Plaintiff's claims, but advising him of his right to sue Defendant. Dkt. No. 1. Plaintiff's complaint and amended complaint include vague allegations, including against a "superintendent" and "foreman" appearing to arise from reporting COVID safety violations and apparent retaliation, as well as an unidentified individual or individuals that "said something" about Plaintiff's age. *See* Dkt. Nos. 3, 4. Plaintiff does not identify specific individuals, incidents, or dates that are the basis of his allegations. *See id*. If

Plaintiff has meritorious claims, the Court is unable to glean the plausible merits of Plaintiff's claims from the amended complaint.

The Court DENIES Plaintiff's request for the appointment of counsel after reviewing Plaintiff's motion and this matter's record on the docket. This Order does not prevent Plaintiff from bringing another Motion to Appoint Counsel with the required supplemental information.

The Clerk shall direct a copy of this Order to Plaintiff.

It is so ORDERED.

Dated this 5th day of July, 2023.

                                              Jamal N. Whitehead
                                              United States District Judge