1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEAN M. COLBRAY,

                Plaintiff,

      v.

KIEWIT INFRASTRUCTURE WEST,

                Defendant.

CASE NO. 2:22-cv-01729

ORDER

        This matter comes before the Court on Plaintiff Dean M. Colbray's response to the Court's Order to Show Cause entered on November 17, 2023. Dkt. Nos. 7, 8. In its Order, the Court gave Colbray 30 days to show cause why his complaint should not be dismissed for failure to prosecute given that he had taken no action of record for nine months. Dkt. No. 7.

        On December 21, 2023, Colbray filed a response to the Court's Order to Show Cause, five days late and more than one year after filing this action. Dkt. No. 8; *see* Dkt. No. 1. Colbray stated that he has continued to seek an attorney to represent him in this matter. Dkt. No. 8. He does not directly address why the Court should not dismiss this action, but represents that he has had issues receiving mail and

ORDER - 1

that he has been traveling outside the state for issues related to child custody. *Id*. He reiterates that he does not want this action dismissed. *Id*.

Importantly, Colbray also stated that he served Defendant Kiewit Infrastructure West Co., and he offers a declaration of service from a Greyhound Legal service processor purporting to show service. Dkt. No. 8 at 1, 5. The process server's declaration stated that he left a "COMPLAINT FOR A CIVIL CASE" with "KIEWIT INFRASTRUCTURE WEST CO., REGISTERED AGENT." *Id*. at 5. Specifically, he declares that he served a woman named "Destiny" at Kiewitt's address who said she could receive the papers. *Id*. But there is no sign that he served a summons too. *See id*.

Under Rule 4, service of process requires delivery of the complaint and summons. Fed. R. Civ. P. 4(e), (h). Here, the process server only stated that he delivered a copy of Colbray's complaint to Kiewitt, *see* Dkt. No. 8 at 5, and Colbray only includes a portion of his complaint in his response to the Court's Order to Show Cause, without any summons. *See id*. Nor does the docket reflect that a summons has been issued. *See* Dkt.; *see also* LCR 4(a) ("It is the obligation of a party seeking the issuance of a summons by the clerk to present the summons to the clerk in the proper form, prepared for issuance, with sufficient copies for service. Forms of summons may be obtained from the clerk."). Based on this information, it is doubtful that Colbray has properly served Kiewitt.

Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or

order that service be made within a specified time." Colbray filed this action more than a year ago, and as noted, it remains unclear whether he has achieved proper service of his lawsuit under Rule 4.

Accordingly, the Court ORDERS that Colbray file proof of service of his *summons* and complaint or to properly serve Kiewitt within 30 days of this Order. Colbray's failure to file proof of proper service within 30 days will result in dismissal of this action without prejudice unless Colbray is able to show cause why he was not able to effectuate proper service onto Kiewitt.

It is so ORDERED.

Dated this 8th day of January, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 3